The next case for argument is McGowan v. OPM, No. 24-1891. Mr. Johnson, whenever you're ready. May it please the Court. With the Court's permission today, I'd like to structure my argument of discussing standard of review regarding this matter initially, then the evidence submitted by the appellant, Mr. Val McGowan, at the Court below, and going into the procedural issues that we found that we feel had made the order under review defective. This is an appeal from a case of disability retirement. As the Court's aware, and as the Supreme Court has stated, this is a somewhat truncated review. Respondents of course brought that matter up in their brief. Review is allowed under Lindahl v. OPM if there's a substantial departure from important procedural rights, a misrepresentation of the governing legislation, or some like error given to the heart of the determination. This Court, after Lindahl, issued an opinion in Riley v. OPM where it looked at different cases where review was allowed, where it was not allowed, and where it was allowed. And summarizing them, I think we can say that when it's not allowed is when there's just a weighing of the evidence for disability retirement. Well, it's the fact of disability, right? OPM has made a determination that there's no disability. We can't review that factual determination. OPM's decision is binding on us. The Board could review it under the statute in the Board's regulations, but we can't touch it. So you need to argue specifically what departure from procedural rules or error that goes to the heart of the administrative matter that's at issue. Well, this Court in Marino, let me go to Van Rycken v. Riles. It did look at an individual there where the courts below said that when the psychiatric claim was presented, stated that the case, the psychiatric evidence was all subjective. I'm fully aware of that case. That case stands for the proposition that the Board had been implying an incorrect legal standard and requiring objective evidence and not accepting subjective evidence from the claimant. And so we reversed that and said subjective evidence is also allowed to be submitted. But it didn't then go on and review whether that subjective evidence proved the disability or not. I assume it just sent it back to the Board. So that's certainly a legal error. I didn't read this Board's decision as saying there's no objective evidence here. I read this Board's decision as rejecting the evidence from your client as not credible. What's legally wrong with that? Well, Your Honor, I mean, the only evidence submitted was, the only medical evidence submitted was regarding my client's permanent post-traumatic stress disorder. Right, and the Board found all that evidence to be not credible because it didn't believe your client. And so there was no evidence for it to overturn OPM's disability determination. Well, then I will go backwards, Your Honor, in terms of how that evidence was submitted. If you look at the pretrial stipulations that were submitted prior. Oh, so you're going to go to the fact that they submitted it somewhat late. Yes. That's an abuse of discretion standard, isn't it? No, that's a procedural error. That's the significance of procedural error. When we did the pretrial stipulations. Oh, I get it. You can argue that that was a procedural error. But we give great deference to the Board and its determinations of what evidence to accept or not. Judge, I have a question for you on that regard. So this is relating to the government submitted new evidence and argument at the hearing, right? But did you raise this issue before the administrative judge? Because, I mean, I reviewed your briefing in the appendix and I don't see where you did. It was submitted post-hearing. So the- I understand, but my question remains. Did you raise this evidentiary argument before the administrative judge? That's what I'm asking. What was done at hearing was my client testified regarding his PTSD. The defense did not raise all these issues that he didn't offload dead bodies. Then after the hearing. So if they didn't submit it at the hearing, we couldn't counter it at the hearing. When they submitted it all post-hearing, these hundred pages of- I understand, but did you- Okay, so this is a forfeiture issue, right? So I'm just asking. I'm asking because you're complaining to us. You're asking us to say that the board erred by considering that evidence. But I'm having a hard time seeing where you even went to the board and said, hey, hey, hey, this is late. You shouldn't have considered it. It's not proper for you to consider it. And so that's hence my question. I want to know if you- and it's a yes or no question. I want to know if you objected to the government's late introduction of this evidence, allegedly late, I'll just say late, introduction of this evidence before the administrative judge. That's what I'm asking you. My response is yes. We put it in our post-hearing argument. They filed first. We put it in our post-hearing argument that it's hearsay evidence.  The terms we visited courts did not consider it that it's hearsay evidence. Okay. Post-hearing. And you think it's in your post-hearing brief? Because I looked at your post-hearing brief and also your response to the government's amended post-hearing brief, and I don't see it in there. Well, they submitted it after ours, so let me- No, I'm asking what your objection is. I read your post-hearing brief and your response to the government's post-hearing brief at J.A. 318-22 and J.A. 366-67, and I don't see it in there. Please correct me if I'm wrong. I stated if appendix 366, if this amended brief is even permissible, brought it up there because- Did you say page 366? I'm sorry. Appendix 366. Okay. And I think we termed our post-hearing brief closing argument- Where is it? Is it where you say if this amended brief- You said it's not permissible. Where you say if this amended brief is even admissible, is that what you're relying on? Oh, I'm sorry, yes, if the amended brief is permissible. So we were going through cycles, and I think this is, I know it's maybe an additional issue- I think we mentioned it earlier. Let me find it, Your Honor. I know I definitely had to. But I think that's part of the problem, Your Honor, is that the trial closed. This evidence was not during the trial. They submit this evidence. The judge asked for closing arguments. This went beyond the trial, and then they submitted- Didn't your client bring up this issue?   During the testimony, during the trial? This issue about, you know, the reason for his PTSD? Well, we brought up the PTSD, and what we argued is that he was in remission from his service PTSD. What triggered his PTSD was his work environment in 2019 and 2020. The fact that a customer argued with him- That PTSD came from a specific incident, and the government put in evidence to show that was not true. That specific incident was not disabling. That's our point. He worked for three years after that. He testified that that was the incident with the USS Stark was the incident that caused his PTSD. The government was certainly entitled to respond to that. We- When the information- Excuse me. Evidence we presented at hearing what was disabling was that he was arrested on the job in 2019, and those charges were dismissed, and that he had an altercation with a customer in 2019-2020. Does that have to do with the fact that the board determined that he lied about the source of his PTSD, and therefore, his testimony wasn't credible? I would disagree about the line you're on, and that was part of the problem is that this evidence is difficult to acquire because- And the client informing is because of the serviceships that were supposed to be in the area, and some of them were not. So what they did is that- These are all newspaper hearsay articles that they brought in. My client tried to bring his medals and accommodations. Did you seek to file additional evidence to rebut the government's evidence? Yes. We filed his accommodations, his medals, his service awards. Yes. And none of them show that that ship was where he said it was? Because that information is not publicly available. Well, the government submitted a lot of evidence that suggests that that is publicly available. It suggests it wasn't even close to where he said it was. Newspaper articles, Your Honor. That's publicly available evidence. That's hearsay evidence, Your Honor. Are we going to determine trials- Permitted by the MSPB. Hearsay evidence is allowed, but to bring in newspaper articles, if it's another witness testifying about something that's permissible hearsay, these are newspaper articles. You didn't move to exclude any of that evidence. We didn't, Your Honor. Let me go- I mean, the problem for you is even if you preserved an argument to exclude that evidence, the MSPB's decision to accept it is an abuse of discretion standard. And how is it an abuse of discretion for them to consider this evidence that you haven't questioned that it stands for what it says, but just that it's hearsay and somehow there's this secret evidence out there that would show the ship actually was where your client would say it was? Because in the trials I've participated in, Your Honor, in civil trials, we frame everything by the pretrial- This is not a trial. This is an administrative action at the MSPB. The rules of evidence don't apply to them. They have far greater discretion than district courts do in civil trials. I understand that, Your Honor, but this is impeachment evidence that could have been brought up. Their defenses that they enlisted was completely different from this, Your Honor. I think we have your argument. You're into your rebuttal time. We'll hear from the government. Do you know why this evidence was submitted so late? Your Honor, my understanding is that Mr. McGowan testified during the hearing for the first time that the cause of his PTSD was this USS Stark incident where he alleged to have been offloading dead bodies after the bombing, but that's my understanding of the first time that it had been raised. The first time that OPM knew about it. Yes. Here's my question is, doesn't he have a VA service-connected PTSD rating? He may have a VA rating, and I believe he also may have a SSA, a Social Security Administration disability rating. However, the OPM disability retirement standards are somewhat different. Well, I understand the standards for disability retirement are different, but I'm just curious as to why we're reopening the question of whether he has PTSD at all because the VA has already found he has some form of PTSD, and you said SSA has as well. Is it just that his testimony was because there was some indicators that it wasn't entirely true enough for the board to discredit the remainder of his testimony about the effect of his PTSD on his disability? Your Honor, I have, I guess, two responses to your question. I believe that the MSPB has the ability to review whether Mr. McGowan had both a disabling condition and whether there was a nexus between the disabling condition and his job duties. OPM found that he did not have a disabling condition that also did not have a nexus to his job duties. The administrative judge, in reviewing all of the evidence before him, concluded that Mr. McGowan's testimony in this incident was so discrediting that it not only discredited the subjective medical evidence but also the medical evidence that was provided by the medical providers. In the face of the substantial amount of not credible evidence weighed against, for example, the testimony of Mr. McGowan's supervisor that testified that he could perform his job and that the job was not as stressful as he had portrayed it, the administrative judge ultimately concluded that he had not met his burden of a disabling condition that affected  We can't review any of those questions. Yes, Your Honor, that is correct. This court cannot review the factual underpinnings of OPM's disability determination, which is what he challenged. But isn't that inconsistent with his PTSD rating? We can't really review that, but it just seems to me to be entirely inconsistent with his PTSD rating. Well, Your Honor, again, the OPM's determination for the eligibility to disability retirement is slightly different than the considerations for the VA or the Social Security Administration. And so he could, in theory, have a disability for VA purposes and still not be entitled to disability. It's not in the record what his rating is for the VA? I don't believe that's in the record. You can have a PTSD rating for the VA and it's still not disabling to the extent that it would disable you under OPM's regulations. It might only be 10% or 20% or whatever the schedule provides. It might not be total. Yeah, that's correct, Your Honor. There's a number of factors under 5 U.S.C. 8337 and 5 C.F.R. 1201.56 that sort of explain what the requirements specifically for OPM disability retirement are. And I think it has to be, have it been disabling for more than a year? And there has to be a nexus between the disability and the job duties. PTSD is not automatically disabling. That is correct, Your Honor. I mean, people can, I think people can and do work and remain employed with PTSD. That's correct, Your Honor. And in fact, the OPM decision on reconsideration that is in the record here does explain that he was actually, you know, continuing to work at that, at the time of the, of OPM's reconsideration decision in 2021. Let me ask you this. I know most of this you think is beyond our jurisdiction review. To the extent you can characterize his argument as the board applied an improper or the board's admission of this evidence was somehow an abuse of discretion or goes against whatever the language of Lindahl about procedural stuff. We can review that, right? That is correct, Your Honor. The court can review important procedural errors under an abuse of discretion standard that also have to be prejudicial or harmful. What the administrative judge did here was simply not an abuse of discretion. As we've already discussed, Mr. McGowan himself raised the cause of his PTSD during his hearing and the administrative judge simply allowed OPM to rebut those statements that were made during the hearing in its post-hearing briefs. And you know, the administrative judge's pretrial order also does sort of, while it holds the parties to their pretrial submissions, it also has an exception for good cause shown. And that's, I think, what the administrative judge was doing here was allowing OPM to rebut the testimony that was raised during the hearing. And that's just simply not an abuse of discretion. Unless Your Honors have further questions, we would ask the court to dismiss the appeal or alternatively to affirm the MSPB. Thank you, Your Honors. Mr. Johnson, you have some time left. Thank you. In addressing what respondents have stated, they stated that the first time that the offloading of the bodies was meant was at trial. It's in the medical records, Your Honor. They're trying to have it both ways, to say it was at trial when the medical records of the psychiatrist. I'm sorry. What's in the medical records? His recounting that to his providers? The medical record was that when he had filed a workers' compensation claim after he had the... To answer my question, is what's in the record independently verified by a document? Or is it just him putting that fact in the medical records? It's what he told a doctor. My point is that they're saying that he brought it up at trial as a reason for the late evidence. But it was, if that was their issue, they were aware of it before trial. Okay. Your Honor, and they did go into some of the items, which... Oh, okay. Excuse me. I had asked if you had objected to the administrative judge's allowance of this evidence from the government, which you have complained is new and should not have been allowed, or his hearsay. And did you find a site or anything to support that this was raised? I know it was a post-hearing, and for some reason, my appendix is off, but I would... No, we did both the closing argument and then the response to their amended brief. So, you don't have a site right now? I'm sorry. Not right now, Your Honor. Is there any further questions from the court? Thank you. Thank you for your time. Yes, Your Honor.